The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201
Dear Mr. McCuen:
This is in response to your request for an opinion concerning Act 1092 of 1993. Specifically, you indicate that this act (codified at A.C.A. 7-4-101 (Repl. 1993)), restructured the State Board of Election Commissioners. The act, however, failed to provide for mileage, per diem and reimbursement of expenses of the Board members. You note that the Secretary of State is the Chairman of the Board. Your question in this regard is as follows:
 Is it permissible to pay the Board Members mileage, per diem, and expenses from the General Operations appropriation of the Secretary of State?
It is my opinion that the answer to this question is "no." As you have noted, the legislature has not seen fit to provide an appropriation for per diem, mileage, or other expenses of the members of the State Board of Election Commissioners. Act 1092 of 1993 contains no such provision, and I have found no separate appropriations act for the Board. The appropriations act for the Secretary of State's office (Act 1068 of 1993) is not specific enough, in my opinion, to be used to fund such expenses. In this regard, it should be noted that Arkansas Constitution, art. 5, 29, provides as follows:
 No money shall be drawn from the treasury except in pursuance of specific appropriation made by law, the purpose of which shall be distinctly stated in the bill, and the maximum amount which may be drawn shall be specified in dollars and cents; and no appropriations shall be for a longer period than two years. [Emphasis added.]
This provision requires specific appropriations. See, e.g., Dickinson v. Johnson, 117 Ark. 582, 176 S.W. 116 (1915) (expenses, including per diems, of a legislative committee may not be paid out of contingent expenses, but a bill making specific appropriation is required before payment can be made). The relevant appropriations act for the Secretary of State's office provides, in three different places, monies for the "operating expenses" of the Secretary of State's office. See Act 1068 of 1993, 3, 6, and 9. In my opinion, per diem, mileage, and other expenses of the State Board of Election Commissioners do not specifically fall within this definition.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh